THE STATE, EX REL. THE NEW JERSEY LAND COMPANY, RELATOR, v. CITY OF EAST ORANGE ET AL., RESPONDENTS.

Decided October 23, 1926.

**Zoning—Garage and Stores in Residential Section—The Restriction on the Erection of Garages Not Unreasonable—Rule Discharged.**

On rule for *mandamus*.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *Thomas Brunetto.*

For the respondents, *Walter C. Ellis.*

PER CURIAM.

This is a rule to show cause why a *mandamus* should not issue, compelling the granting to relator of a building permit

for the erection of a one-story brick building on North Parkway and North Munn avenue, East Orange, such building to be used as a public garage and to also contain four commercial stores facing on both avenues.

The property of relator is known as 227 North Parkway, and runs through to North Munn avenue, where it is known as 204 North Munn avenue.

Directly north of relator's property, on North Parkway, are a number of two-family dwellings. The same condition exists on North Munn avenue. On the southerly side of relator's property, on North Parkway, is an armory building occupied by the State of New Jersey and used by it for drilling purposes. Adjoining relator's property is a group of individual garages, occupied mostly by privately owned automobiles. Directly in front of relator's property on Munn avenue is a large apartment-house in the course of construction, and directly opposite, on Oraton Parkway (formerly Thompson street), is a public park or plaza, one hundred feet in width and running parallel with Thompson street.

The permit was refused upon the ground that the use to which the proposed structure was intended to be put would be in violation of the zoning ordinance of the city of East Orange.

This building, if erected, will in part be used as a public garage, and we are of the opinion that the provisions of the ordinance restricting the locality in question against a building to be used for such purposes are not unreasonable. *Hench* v. *East Orange*, 2 *N. J. Mis. R.* 510; *Portnoff* v. *Bigelow*, 4 *N. J. Mis. R.* 539; *Long* v. *Scott, Id.* 767.

The rule to show cause will be therefore discharged, with costs.